# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

UNITED STATES OF AMERICA     §
                                    §
v.                                       §      CRIMINAL NO. 4:14-CR-74 MAC
                                    §
STEPHANIE KING (2)             §

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 3, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Phillip Linder. The Government was represented by Ernest Gonzalez.

On January 13, 2015, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of six (6) months imprisonment followed by a three (3) year term of supervised release for the offense of Conspiracy to Distribute and Possess with Intent to Distribute 251-NBOMe. Defendant began her term of supervision on September 27, 2015

On June 23, 2015, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 98). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and

complete written report within the first five days of each month; (4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reason; (6) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (7) Defendant shall participate in a program of testing and treatment for durg abuse, under the guidance and direction of the U. S. Probation Office, until such time as Defendant is released from the program by the probation officer. Defendant shall pay any cost associated with treatment and testing; (8) Under the guidance and direction of the United States Probation Office, Defendant shall participate in a combination of psychiatric, psychological, or mental health treatment deemed appropriate by the treatment provider. Defendant shall pay any cost associated with treatment and testing; and (9) Defendant shall perform one hundred (100) hours of community service as directed by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On November 13, 2015, Defendant submitted a urine sample that tested positive for methamphetamine. The urine sample confirmed positive on December 4, 2015, through laboratory testing; (2) On October 21, 2016, Defendant submitted a urine sample that tested positive for methamphetamine. The urine sample confirmed positive on October 27, 2016, through laboratory testing; (3) Defendant failed to submit a written report for the months of February, April, and June 2017, within the first five days of each month; (4) On May 1, 2017, Defendant reported new employment with Neighborhood Garage Door Service which began on April 24, 2017. On June 2, 2017, Defendant advised she was currently employed full time with Neighborhood Garage Door Service. This statement was untruthful

as a representative form Neighborhood Garage Door Service confirmed that Defendant had worked for two weeks and failed to report back to work after May 5, 2017; (5) Since being placed on supervised release, Defendant has failed to secure and maintain a lawful occupation; (6) On May 1, 2017, the U. S. Probation Office received notification that Defendant had potentially had contact with law enforcement, specifically, the Bedford Police Department. On May 10, 2017, the U. S. Probation Office was advised by a Detective with the Bedford Police Depart that Defendant has been interviewed by their department regarding a theft of property casee. Defendant failed to report this contact within seventy-two hours; (6) On March 13, 2017, Defendant reported to the probation department and was instructed to submit a urine sample for drug testing. Defendant stalled. Defendant was instructed to report to the probation department before close of business on same date for drug testing. Defendant failed to return to the probation department as instructed and submit a urine sample. On May 17 and 31, and June 5, 2017, Defendant failed to report to the designated testing facility to provide a urine sample for drug testing and as part of the random drug testing program; (7) On January 30, 2017, Defendant was referred for weekly individual mental health counseling sessions with Fletcher Counseling; Defendant has failed to schedule or report to counseling appointments from March 3, 2017, through June 20, 2017; and (8) Defendant was instructed on February 8, 2017, to complete eight to ten hours of community service per week. Defendant has failed to perform her community service as instructed. As of the writing of the petition, ninety-seven (97) hours of community service remain unserved.

At the hearing, Defendant entered a plea of true to Allegations 1 - 9. Defendant waived her right to allocute before the district judge and her right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of her supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 3, 2017, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven months, follwed by a term of ten months supervised release. Supervised release should be served initially in an in-patient drug treatment facility until successfully completed and discharged or until expiration of ten months. Defendant is responsible for all costs associated with such in-patient drug treatment. The Court further recommends Defendant receive mental health treatment and drug treatment while in custody. The Court further recommends that Defendant's term of imprisonment be carried out in a facility as close to Plano, Texas, as possible.

**SIGNED this 4th day of August, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE