IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CRIMINAL NO. 4:14-CR-74 MAC |
| | § |
| STEPHANIE KING (2) | § |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 12, 2018, to determine whether Defendant violated her supervised release. Defendant was represented by Denise Benson. The Government was represented by Jay Combs.

On January 13, 2015, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of six (6) months imprisonment followed by a three (3) year term of supervised release for the offense of Conspiracy to Distribute and Possess with Intent to Distribute 251-NBOMe.  Defendant began her term of supervision on July 27, 2015. On August 22, 2017, Defendant's term of supervised release was revoked and Defendant was sentenced to seven (7) months imprisonment followed by a ten (10) month term of supervised release. Defendant began her term of supervision on January 24, 2018.

On August 31, 2018, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 116).  The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant must refrain from any unlawful use of a controlled substance;

(3) Defendant must report to the probation officer as instructed; (4) Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting permission of the probation officer; (5) Defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer; (6) Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; and (7) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

The Petition alleges that Defendant committed the following violations: (1) On August 30, 2018, Defendant was arrested by the Farmers Branch Police Department for the offense of Public Intoxication. According to the arrest report, Defendant was found to be passed out in the passenger seat of her vehicle which was parked in a convenience store parking lot. Defendant reportedly had slurred speech, poor balance, and red, blood shot eyes. Defendant reportedly told the arresting officer she took some prescription pills that she obtained from another individual earlier in the day. Defendant was released from custody later that night after posting a bond of $330.00. No further information was available at the time the Petition was filed; (2) During a home visit on March 6,

2018, Defendant admitted verbally and in writing to having used cocaine on March 4, 2018, while on AWOL (absent without leave) status from her inpatient, dual-diagnosis treatment program at Sante Center for Healing in Argyle, Texas. During an office visit on June 20, 2018, Defendant admitted to using methamphetamine regularly from June 11-14, 2018. Defendant also submitted a urine specimen this date which tested positive for methamphetamine. Additionally, during an office visit on August 22, 2018, Defendant admitted verbally and in writing to using methamphetamine on August 7, 2018, and on numerous occasions until August 20, 2018. Defendant also admitted to using "molly" (MDMA) on or about August 20, 2018; (3) Defendant was instructed on August 9, 2018, to report to the U. S. Probaton Office in Plano, Texas, on August 20, 2018, at 1:00 p.m. Defendant failed to report as directed; (4) During an office visit on June 20, 2018, Defendant admitted to driving to an area of town known to her for illegal drug activity on or about June 11, 2018, and purchasing methamphetamine, which Defendant used intravenously. Additionally, Defendant was stopped by the Duncanville, Texas, Police Department on August 27, 2018, at approximately 3:00 a.m., because of an expired temporary license plate, and in an area known by Duncanville Police Department for illegal drug activity. An adult male, identified as Steven Dewayne Gibson, was a passenger in the vehicle. A criminal records check revealed Mr. Gibson has an extensive arrest history, and has a felony conviction for Theft out of Taylor County, Texas; (5) Defendant failed to notify the probation officer within 72 hours of her contact with the Duncanville, Texas, Police Department on August 27, 2018; (6) and (7) On or about March 7, 2018, Defendant was unsuccessfully discharged from the inpatient, dual-diagnosis treatment program at Sante Center for Healing in Argyle, Texas, due to her failure to participate in the treatment program as prescribed, after her third AWOL instance, wherein Defendant left the facility without permission. Defendant

subsequently successfully completed a 30-day residential treatment program at Greenhouse Treatment Center in Grand Prairie, Texas, on April 11, 2018. Additionally, Defendant failed to report for drug treatment at Addiction Treatment Resources in McKinney, Texas, on May 14 and 16; June 13 and 19; July 20; and August 6 and 15, 2018. Further, Defendant has not called the random drug testing notification line since August 9, 2018.

At the hearing, Defendant entered a plea of true to Allegation 2. Defendant waived her right to allocute before the district judge and her right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of her supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the September 12, 2018, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Carswell, if appropriate.

**SIGNED this 24th day of September, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE